ST. CYR et al. v. BAUER et al.*

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

No. 902.

1. PATENTS—INVENTION—CURETTE.

The St. Cyr patent, No. 584,407, for a curette, consisting of a flat spiral band, forming an archimedean screw, having a button on one end and an operating stem on the other, is void for lack of patentable invention. If conceded validity, it is within narrow limits, and is not infringed by the device of the May patent, No. 626,625.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The bill was to restrain infringement of letters patent No. 584,407, for a curette, issued June 15th, 1897.

*Petition for rehearing filed February 4, 1903, and overruled April 14, 1903.

122 F.—29

The curette charged to be an infringement is one made in accordance with letters patent No. 626,625 issued June 6, 1899.

The further facts are stated in the opinion of the Court.

F. C. Harbour, for appellants.

Wm. R. Rummler, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the Court.

We are of the opinion that the patent sued upon contains no patentable invention. The device is described in the claims as a curette, consisting of a flat spiral band, forming an archimedean screw, and having a button on one end and an operating stem on the other, the said band being tapered toward said button substantially as set forth. The archimedean screw is, of course, old. It has been used from time immemorial, not only for incision as an auger, but, resting against some wall, to act as a conveyor of particles from the inside. The presence of a button, or some blunt end, to prevent the screw from perforating the wall against which it rests, and the presence of an operating stem, are obvious adjuncts to the screw as a conveyor. Without them or their equivalent it has never been a conveyor, and never could have been. That the screw should for the purpose of being a conveyor have a more or less flat spiral band seems also obvious. Indeed the desirability of any such instrument once known, the adaptation of the old screw to such purposes appears, to us, to be nothing higher than mechanical skill.

But if the patent be not invalid, it is in our judgment narrowly limited to a screw having a flat spiral band, and at one end a button. These two features, alone, differentiate it from the most common form of the archimedean screw. Only after these two features had been clearly brought out and emphasized, in the patent office, was the patent allowed.

The appellees' curette has neither a button nor a flat spiral band. Its band, it is true, has a more or less sharp edge, but that is not flatness in the sense used in appellants' claim. Appellees' curette has also a blunt end, but that is not a button in the sense used in appellants' patent.

Whether therefore we regard the patent as invalid, or, holding it within narrow limits to be valid, rule appellees' device to be noninfringing, there must be an affirmance of the decree below.

Affirmed.